UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22326-KMM

JULIO RAMIREZ,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendant Scottsdale Insurance Company's Motion for Attorney's Fees and Costs (ECF No. 50). The Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge (ECF No. 51). Being duly advised in the premises and the Motion being functionally unopposed, the undersigned recommends that Defendant's Motion for Attorney's Fees and Costs be **GRANTED, in part**.

**I. BACKGROUND**

Plaintiff Julio Ramirez initiated the instant suit alleging the breach of an insurance policy held with Defendant, a surplus lines insurer, for damages allegedly sustained to the interior of the property from water intrusion. The policy in question contained an exception for certain damage caused by water originating from a plumbing system and contained a water damage sublimit endorsement capping water damage at $5,000.00. Following an investigation, Defendant found damages related to issues with the drain line under the kitchen and issued payments to Plaintiff up

1

to the total amount of the water damage sublimit. Plaintiff nevertheless brought suit against Defendant for unpaid damages estimated at $292,844.47 that Plaintiff alleged were covered losses under the policy. Plaintiff argued that in refusing to cover the losses in question, Defendant committed a breach of contract for which Plaintiff incurred damage.

Defendant filed a Motion for Summary Judgment (ECF No. 44), which the District Court granted, finding that the policy applied a sublimit to water damage resulting from the type of loss Plaintiff suffered (ECF No. 47 at 9-10). The Court subsequently entered Judgment in favor of Defendant (ECF No. 49). Defendant filed this Motion for Attorney's Fees and Costs, seeking $4,391.00 in attorney's fees, and $927.00 in taxable costs and post judgment interest (ECF No. 50). Defendant avers that it is entitled to an award of (1) $4,391.00 in attorney's fees, which it incurred following Plaintiff's refusal of Defendant's February 18, 2021 offer of judgment through the Court's entry of final judgment on July 14, 2021; and (2) $927.00 in taxable costs as the prevailing party (ECF No. 50 at 2).

The certificate of conferral filed by Defendant states that despite multiple efforts to confer with Plaintiff's counsel, defense counsel was unable to do so but offered to notify the Court if Plaintiff eventually agreed to the relief sought in the Motion (*id*. at 12). Plaintiff filed no response to Defendant's Motion, and the time to do so has long since passed. *See* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.").

## II.   DISCUSSION

### a.   Reasonable Attorney's Fees

#### i. Entitlement

Because this is an action sounding in diversity, Florida's substantive offer-of-judgment statute,

§ 768.79 Fla. Stat., and the settlement proposal set forth in Fla. R. Civ. P. 1.442 determine whether Defendant is entitled to an award of reasonable attorney's fees incurred since the February 18, 2021 rejected offer of judgment. *Espinoza v. Target Corp.*, No. 9:19-CV-81108, 2021 WL 3550780, at *1 (S.D. Fla. Aug. 11, 2021) (citing *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002)). In civil actions for damages, as here, § 768.79 provides that where a "defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees ... from the date of filing of the offer if the judgment is one of no liability...." § 768.79(1), Fla. Stat.; *see also B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506 (11th Cir. 2021) ("Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.'" (citations omitted)).

The Final Judgment here is one of no liability following the Court's grant of summary judgment in Defendant's favor, and the offer of judgment appears to have been made both in compliance with Florida law and in good faith.[1] Moreover, Plaintiff filed no response asserting that the offer of judgment failed to comply with § 768.79 or was otherwise invalid. Accordingly, I find Defendant is entitled to recover its reasonable attorney's fees incurred since February 18, 2021.

      ii. <u>Fee Award</u>

In assessing the reasonableness of a request for attorney fees, both Florida law and Eleventh Circuit precedent apply the "lodestar" method to calculate an objective estimate of the value of an

---

[1] Defendant attaches the offer of judgment as Exhibit A to its Motion (ECF No. 50-1), and the Notice of Serving Proposal for Settlement/Offer of Judgment may additionally be found as contemporaneously filed on the docket (ECF No. 40).

attorney's services. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1151–52 (Fla.1985)); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

Defendant seeks $4,391.00 in fees for a total of 17.3 hours of attorney and paralegal time billed from the date Defendant made the offer of judgment through the date the final judgment was entered. In support, Defendant proffers the breakdown of the hours billed via defense counsel's declaration, which delineates that defense counsel spent 1.5 hours on the case billed at rate of $250 per hour, and a further 15.3 hours billed at a rate of $260 per hour (ECF No. 50-2 at 2 (explaining that in June 2021 counsel increased his rate to $260 an hour)). The declaration adds that .4 hours of paralegal time was spent on the case following the offer of judgment, billed at a rate of $95 per hour (*id.*).

Counsel represents in his declaration that he has practiced law in Florida since 2004, and prior to joining his present firm as a partner, he practiced property insurance defense for over eight years with another national law firm (ECF No. 50-2). I find counsel's hourly billing rates of $250 and $260 to be commensurate with that of other lawyers in the relevant market, and the time incurred

on the tasks described—which included preparing summary judgment briefing— reasonable.

Given the unopposed nature of the Motion, and having reviewed counsel's itemized time entries, experience, and other comparable hourly rates, the undersigned finds Defendant's request for attorney's fees to be reasonable. *See Norman*, 836 F.2d at 1299 ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)).

  **b.**  **Costs**

Defendant, as the prevailing party, is entitled to recoup costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted); *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2020 WL 6585873, at *7 (S.D. Fla. Sept.

11, 2020) (noting that a party cannot receive any costs under § 768.79 beyond those already awarded under § 1920 (citation omitted)), *report and recommendation adopted*, No. 19-21289-CIV, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Defendant here seeks to recover a total of $927.00 in costs, a sum comprised of (1) $400.00 (filing fee); (2) $102.00 (subpoena service fee); and (3) $425.00 (court reporter and interpreter fees).

Defendant incurred a $400.00 fee in removing the case to this Court from the Fifth Judicial Circuit Court. In accordance with other courts in this District, I find that the Notice of Removal filing fee is recoverable as a cost as the fee has been "explicitly recognized as a taxable 'fee of the clerk' under 28 U.S.C. § 1920(1)." *Covington v. Arizona Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *3 (S.D. Fla. Jan. 25, 2011) (internal quotations and citations omitted), *report and recommendation adopted*, No. 08-21894-CIV, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011).

Defendant seeks to recover the $102.00 incurred in attempting to serve Plaintiff with a subpoena. Section 1920(1) specifically enumerates "[f]ees of the clerk and marshal" as taxable costs, but as the Eleventh Circuit has recognized, "[s]ince the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (quoting *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir.1990)) (internal quotations omitted).

The Court found that considering §§ 1920(1) and 1921 in conjunction permitted the conclusion that private process server fees may be properly considered taxable costs. *Id*. at 624 (finding "persuasive the reasoning that § 1920(1) refers to the fees 'of' the marshal but does not require payment 'to' the marshal and, accordingly, that the fees of the marshal refers to fees authorized by § 1921, rather than fees collected by the marshal" (internal quotations and citations omitted)).

According to 28 C.F.R. § 0.114(a)(3), the United States Marshals Service shall routinely collect fees of $65 per hour for process served or executed personally for each item served, plus travel costs and out-of-pocket expenses. *Patsalides v. City of Fort Pierce*, No. 15-14431-CIV, 2017 WL 10402989, at *2 (S.D. Fla. Sept. 20, 2017) (construing the $65 hourly fee as a per subpoena reimbursement limit for service effectuated by private process servers), *report and recommendation adopted*, No. 15-14431-CIV, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017). Here, as in *Patsalides*, the invoices submitted by Defendant do not provide any information as to the time expended by the private process servers to effectuate service or as to their travel costs or other out-of-pocket expenses; the single invoice simply includes a line item for $102.00 for expedited service[2] (ECF No. 50-4). Defendant, therefore, should be awarded only $65 for service of the subpoena.

Finally, Defendant urges the Court to award $425.00 in court reporter and interpreter fees.[3] The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C.*, 213 F.3d at 620-21. In determining

---

[2] Other Courts have declined to tax costs associated with *expedited* service absent a demonstration of "extraordinary circumstances." *See Cardona v. Mason & Dixon Lines, Inc*., No. 16-22704-CIV, 2018 WL 369160, at *4 (S.D. Fla. Jan. 10, 2018). Defendant here having made no showing of extraordinary circumstances provides a further basis for the Court's reduction of the cost award.

[3] This sum is half of the $850.00 total detailed in the attached invoices; Defendant explains that Plaintiff and Scott Thomas, Plaintiff's expert, were set for deposition on the same day for both this case and the companion matter *Julio Ramirez v. Scottsdale*, Case No.: 1:20CV-22324-JEM, and thus Defendant seeks recovery of only half the deposition fee.

the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). Defendant warrants the depositions taken of Plaintiff and Scott Thomas, Plaintiff's expert, were necessary given that Plaintiff was a party to the subject action and Thomas was Plaintiff's retained expert as per Plaintiff's Rule 26 Disclosure. I concur and find the necessity of both facially evident.

Section 1920(6) provides that the "compensation of interpreters" is a taxable cost. *Garcia v. J & J, Inc.*, No. 19-CV-60728, 2021 WL 633377, at *8 (S.D. Fla. Feb. 1, 2021), *report and recommendation adopted sub nom. Garcia v. J&J, Inc.*, No. 19-CV-60728, 2021 WL 616529 (S.D. Fla. Feb. 17, 2021); *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1321 (S.D. Fla. 2012) (recommending an award for interpreter fees incurred attendant to a deposition). Taking together the recoverability of such fees under the language of the statute and the lack of opposition, I find that the interpreter fees are properly recoupable.

Accordingly, the undersigned recommends that the Court grant Defendant reimbursement for costs in the amount of $890.00, including post-judgment interest accruing since July 14, 2021, the date the Court entered Final Judgment in Defendant's favor; such interest will continue to accrue until the date of payment at the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961(a).

### III. RECOMMENDATIONS

For the foregoing reasons, I recommend that Defendant's Motion for Attorney's Fees and Costs (ECF No. 50) be **GRANTED, in part**, and that Defendant be awarded a total of **$4,391.00** in attorney's fees and **$890.00** in taxable costs, plus post-judgment interest.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITED** in Chambers at Miami, Florida this 19th day of November, 2021.

**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**